UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT W. PETERSON,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

CASE NO. 14-cv-05820 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 15, 16, 17).

After considering and reviewing the record, the Court concludes that the ALJ did not err in finding plaintiff not to be fully credible because the ALJ gave specific, clear,

and convincing reasons for rejecting the testimony, supported by substantial evidence. Therefore, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, ROBERT W. PETERSON, was born in 1965 and was 44 years old on the alleged date of disability onset of November 24, 2009 (*see* AR. 228-29, 236-41). Plaintiff has at least a high school education (AR. 38). Plaintiff has work experience as a truck driver, warehouse worker, stockperson and recycle driver (AR. 321). He stopped work when the pain in his back worsened (AR. 51).

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc disease; anxiety disorder not otherwise specified (NOS); cannabis dependence (20 CFR 404.1520(c) and 416.920(c))" (AR. 31).

At the time of the hearing, plaintiff was living in his parents' home (AR. 72-73).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 147-50, 158-59, 166-77). Plaintiff's requested hearing was held before Administrative Law Judge Laura Valente ("the ALJ") on March 7, 2013 (*see* AR. 45-89). On April 1, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 26-40).

1     In plaintiff's Opening Brief, plaintiff raises the following issue: Whether or not the
2  ALJ gave legally sufficient reasons for finding plaintiff not fully credible (*see* Opening
3  Brief, Dkt. 15, p. 1).

### STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

### DISCUSSION

**Did the ALJ give legally sufficient reasons for finding plaintiff not fully credible?**

Plaintiff contends that the ALJ erred by failing to give legally sufficient reasons for finding plaintiff not to be credible (*see* Opening Brief, Dkt. 15, p. 2-11). The ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible for several reasons (AR. 34). First, the ALJ found that the medical evidence was inconsistent with the degree of severity of physical symptoms alleged and that the record did not show evidence of worsening (*id.*). Also, the ALJ found that plaintiff's behavior at the hearing was inconsistent with his alleged limitations (AR. 35). Next, the ALJ noted that plaintiff's physical and mental symptoms and activity tolerance improved with treatment, putting the alleged severity into question (AR. 35-36). Furthermore, the ALJ discounted plaintiff's credibility because of his varied

reports of use of marijuana and his dependence despite medical advice to quit (AR. 36). Finally, the ALJ found that plaintiff's daily activities were inconsistent with the degree of symptoms alleged (*id*.).

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*citing Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (*citing* 42 U.S.C. § 423(d)(5)(A) (other citations and footnote omitted)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair, supra*, 885 F.2d at 603. The ALJ may "draw inferences logically flowing from the evidence." *Sample, supra*, 694 F.2d at 642 (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22.

Nevertheless, the ALJ's credibility determinations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*)). In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting Morgan v. Comm'r of Soc. Sec.*

*Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick, supra*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citation omitted). According to the Ninth Circuit, "we may not take a general finding – an unspecified conflict between Claimant's testimony about daily activities and her reports to doctors – and comb the administrative record to find specific conflicts." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, *supra*, 80 F.3d at 1281-82 (*citing Cotton v. Bowen*, 799 F.2d 1407-08 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen, supra*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit then a claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of pain. *Bunnell, supra*, 947 F.2d at 343, 346-47 (*citing Cotton, supra*, 799 F.2d at 1407).

If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen*, *supra*, at 1284 (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)); *see also Reddick, supra*, 157 F.3d at 722 (*citing Bunnell*, *supra*, 947 F.2d at 343, 346-47). The Court notes that this "clear and convincing" standard recently was reaffirmed by the Ninth Circuit:

> Indeed, the cases following *Bunnell* read it as supplementing the "clear and convincing" standard with the requirement that the reasons also must be "specific." (Internal citation to *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995)). Our more recent cases have combined the two standards into the now-familiar phrase that an ALJ must provide specific, clear, and convincing reasons. (Internal citation to *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). There is no conflict in the caselaw, and we reject the government's argument that *Bunnell* excised the "clear and convincing" requirement. We therefore review the ALJ's discrediting of Claimant's testimony for specific, clear, and convincing reasons.

*Burrell, supra*, 775 F.3d at 1137; *see also Garrison v. Colvin*, 759 F.3d 995, 1015 n.18 (9th Cir. 2014) ("The government's suggestion that we should apply a lesser standard than 'clear and convincing' lacks any support in precedent and must be rejected").

As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss, supra*, 427 F.3d at 1214 n.1 (*citing Tidwell, supra*, 161 F.3d at 601). That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony regarding symptoms, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen, supra*, 80 F.3d at 1284 (citations omitted).

Plaintiff argues that many of the ALJ's reasons for discounting plaintiff's credibility – inconsistency with the medical evidence, improvement with treatment, observations from the hearing, and plaintiff's daily activities – are not clear and convincing because they are not supported by evidence in the record (Opening Brief, Dkt. 15, p. 3). However, plaintiff does not challenge the ALJ making an adverse credibility finding based on plaintiff's inconsistent statements about his marijuana use and that he continued using despite medical advice to quit.

As outlined by the ALJ, plaintiff made several inconsistent statements about the extent of his marijuana use (*see* AR. 36). In December of 2011, he reported using marijuana "at times to quell pain" (AR. 758). A month later, he reported daily use before bed at a consultative examination (AR. 762). Plaintiff then reported to a provider in July of 2012 that he had used marijuana three to four times a day since 2009 (AR. 827). He later reported to the same provider only occasional marijuana use (AR. 867). Finally, plaintiff testified at the hearing that he used marijuana twice daily (AR. 78). The ALJ reasonably discounted plaintiff's credibility because of these inconsistent statements. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ reasonably inferred that lack of candor about drug use carries over to description of physical pain).

Furthermore, the ALJ noted that plaintiff continued to use marijuana despite medical advice to stop (AR. 36). Plaintiff's provider addressed plaintiff's issues with back pain in October of 2011 and confronted him about his marijuana use, noting that "he needs to stop using it" (AR. 733). Plaintiff's continued use against this recommendation undermines the reliability of his testimony. *See Tommasetti v. Astrue*, 533 F.3d 1035,

1039 (9th Cir. 2008) (ALJ reasonably considered claimant's unexplained failure to follow treatment recommendations when weighing credibility).

Plaintiff argues that a credibility determination regarding his physical impairments and one regarding his mental impairments are separate issues, claiming that the ALJ assessed them separately (*see* Reply Brief, Dkt. 17, p. 3). However, this alleged separation is not supported by the record. While the ALJ did note that plaintiff's inconsistent statements cloud "the degree of mental severity alleged," this is within a paragraph that begins with the blanket statement that plaintiff's "cannabis dependence coupled with his varied report of use raises another significant credibility concern" (AR. 36). The same paragraph covers plaintiff's failure to quit despite medical advice to so from a provider treating his back pain (*see id.*). Any inference that the ALJ intended these reasons in particular to apply to plaintiff's credibility regarding his mental symptoms, but not his credibility regarding his physical symptoms, is not supported by the record.

In addition, the ALJ had substantial evidence sufficient to discount plaintiff's credibility because the medical evidence was inconsistent with the intensity, persistence, and limiting effects of the alleged symptoms (*see* AR. 34). Plaintiff claimed that his back pain prevented him from leaving the house except for grocery shopping and appointments (*see* AR. 61). Plaintiff indicated that he could hardly stand or walk, had constant pain when seated, and needed to change positions every ten to fifteen minutes (*see* AR. 61-63).

However, as outlined by the ALJ, specific objective findings did not support the degree of severity alleged (*see* AR. 34). Imaging studies revealed disc herniation that

1  caused mild to moderate stenosis, but the nerve roots exit without compromise despite
2  any protrusion or foraminal narrowing (*see* AR. 677, 756). An EMG report showed
3  normal findings with no evidence of neuropathy or lumbosacral radiculopathy (*see* AR.
4  676). Medical providers noted that plaintiff had a normal gait throughout the record (*see,*
5  *e.g.,* AR. 350, 627, 630, 638, 640, 797, 805). Plaintiff was also reported to be able to sit
6  with no pain behavior (*see, e.g.,* AR. 627, 630, 644). Ultimately, plaintiff's treating
7  physician reported that plaintiff was "able to reach the light medium physical demand
8  level," including occasional lifting of 35 pounds (*see* AR. 627).

Although an ALJ may not discredit a plaintiff's testimony as not supported by objective medical evidence once evidence demonstrating an impairment has been provided, *Bunnell*, *supra*, 947 F.2d at 343, 346-47 (*citing Cotton, supra*, 799 F.2d at 1407), an ALJ may discredit a plaintiff's testimony when it contradicts evidence in the medical record. *See Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995). In *Johnson*, the Ninth Circuit reasoned as follows:

> The ALJ also identified several contradictions between claimant's testimony and the relevant medical evidence and cited several instances of contradictions within the claimant's own testimony. We will not reverse credibility determinations of an ALJ based on contradictory or ambiguous evidence. (*Internal citation to Allen v. Heckler,* 749 F.2d 577, 579 (9th Cir. 1984)).

*Id.* Here, the ALJ found contradictions between plaintiff's testimony and the medical evidence, citing several instances.

Plaintiff argues that because the record also contains reports of an antalgic gait and observations of pain behaviors, the ALJ erred in finding plaintiff's testimony to be

inconsistent with the medical evidence. However, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ, and it is not the job of the court to reweigh the evidence. *See Sample, supra*, 694 F.2d at 642; *Thomas, supra*, 278 F.3d at 954. The record contains substantial objective evidence for the ALJ to reasonably find that the medical evidence contradicted the degree of pain severity alleged by plaintiff.

Therefore, without finding whether the ALJ's other reasons were clear and convincing, this Court finds that the ALJ did not err in discounting plaintiff's testimony because she provided specific, clear, and convincing reasons supported by substantial evidence.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for **defendant** and the case should be closed.

Dated this 11th day of May, 2015.

J. Richard Creatura
United States Magistrate Judge